# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2022-00050357-CU-MC-CTL | Filing Date: | 12/16/2022 |
| Case Title: | DAVIS vs LFL ENTERPRISES LLC [E-FILE] | Case Age: | 46 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Matthew C. Braner |
| Case Type: | Misc Complaints - Other | Department: | C-60 |

### Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 05/19/2023 | 11:30 AM | C-60 | Civil Case Management Conference - Complaint |

### Participants

| Name | Role | Representation |
|---|---|---|
| DAVIS, JARRED | Plaintiff | Treglio, James M |
| LFL ENTERPRISES LLC; DBA : ProForma Screening Solutions with its principal place of business in Virginia | Defendant | |

### Representation

| Name | Address | Phone Number |
|---|---|---|
| TREGLIO, JAMES  M | 100 Pine St Ste 1250 San Francisco CA 94111 | (858) 375-7385 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 12/16/2022 | Complaint filed by DAVIS, JARRED. Refers to: LFL ENTERPRISES LLC | DAVIS, JARRED (Plaintiff) |
| 2 | 12/16/2022 | Civil Case Cover Sheet filed by DAVIS, JARRED. Refers to: LFL ENTERPRISES LLC | DAVIS, JARRED (Plaintiff) |
| 3 | 12/16/2022 | Original Summons filed by DAVIS, JARRED. Refers to: LFL ENTERPRISES LLC | DAVIS, JARRED (Plaintiff) |
| 4 | 12/19/2022 | Summons issued. | |
| 5 | 12/16/2022 | Case assigned to Judicial Officer Braner, Matthew. | |
| 6 | 12/19/2022 | Civil Case Management Conference scheduled for 05/19/2023 at 11:30:00 AM at Central in C-60 Matthew C. Braner. | |
| 7 | 12/19/2022 | Case initiation form printed. | |
| 8 | 01/17/2023 | Proof of Service of 30-day Summons & Complaint - Substitute filed by DAVIS, JARRED. Refers to: LFL ENTERPRISES LLC | DAVIS, JARRED (Plaintiff) |

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385
Fax: (888) 422-5191

Attorneys for Plaintiff Jarred Davis and the Class

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**12/16/2022** at 09:04:59 PM

Clerk of the Superior Court
By Regina Chanez,Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

JARRED DAVIS, an individual, on behalf of himself and all persons similarly situated,

Plaintiff,

v.

LFL ENTERPRISES, LLC, a Virginia Limited Liability Company dba ProForma Screening Solutions with its principal place of business in Virginia; and DOES 1-100, inclusive,

Defendants.

37-2022-00050357-CU-MC-CTL

CASE NO.

**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**(1) FAIR CREDIT REPORTING ACT FOR PROVIDING CONSUMER REPORTS WITH INACCURATE INFORMATION IN VIOLATION OF 15 U.S.C. § 1681k(a)(1) and (2)**

**(2) CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, FOR PROVIDING CONSUMER REPORTS WITH INACCURATE INFORMATION IN VIOLATION OF CALIFORNIA CIVIL CODE § 1786.28.**

**DEMAND FOR JURY TRIAL**

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff JARRED DAVIS ("Plaintiff"), on behalf of himself and all others similarly situated, and complaining of Defendants LFL ENTERPRISES, LLC, a Virginia Limited Liability Company dba ProForma Screening Solutions ("Proforma" and/or "Defendant") and DOES 1-100 (collectively, "Defendants"), respectfully alleges as follows:

## I.     PRELIMINARY STATEMENT

1.     This is a consumer class action brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b), 1681k(a)(1) and (2) ("FCRA") and the Investigative Consumer Reporting Agency Act, California Civil Code § 1786.28 ("ICRAA") by Plaintiff seeking relief for Defendants' widespread violations thereof for himself and all others similarly situated.

2.     Background checks, which were once expensive and rare, have, with the availability of public records online, become increasingly inexpensive for employers and landlords to utilize in making decisions on who to hire or who to rent to. As a result, a background check with adverse information, like an arrest or a conviction, can have dire consequences for the consumer beyond mere embarrassment, preventing them from getting their dream job, or finding a place to live.

3.     For that reason, the FCRA and ICRAA require consumer reporting agencies (the companies which furnish background checks) to take steps to ensure that the information they provide is accurate and up-to-date. 15 U.S.C. §§ 1681e(b), 1681k(a)(1) and (2) and California Civil Code § 1786.28.

4.     Despite the clear directions of the FCRA and the ICRAA, Defendants have been inaccurately reporting convictions to employers in violation of FCRA sections 15 U.S.C. §§ 1681e(b), 1681k(a)(1) and (2) and California Civil Code § 1786.28. Defendants' practices harm consumers seeking employment by prejudicing their prospective employers with inaccurate, adverse information, leading to embarrassment as well as a loss of reputation.

5.     As described in more detail below, Plaintiff Jarred Davis was one of those consumers harmed by Defendants' practices.

## II.     JURSIDICTION AND VENUE

6.     Venue is proper in this county under section 395.5 of the California Code of Civil Procedure. Many, if not all, of the putative Class Members had their background checks performed

1

by Defendants in San Diego County during the Class Period. Many of the acts alleged herein including Defendants' background checks done in violation of the law occurred in San Diego County.  Venue is therefore proper in San Diego County.

7.      Defendant LFL ENTERPRISES, LLC, a Virginia Limited Liability Company dba ProForma Screening Solutions is within the jurisdiction of this Court.  Defendant transacts millions of dollars as an employment background checks and employment screening company which offers its services throughout the country, including in the State of California. Thus, Defendants have obtained the benefits of the laws of the State of California.

## III.    PARTIES

8.      Plaintiff Jarred Davis is an adult individual who resides in California. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.      Defendant LFL ENTERPRISES, LLC, a Virginia Limited Liability Company dba ProForma Screening Solutions is a Virginia limited liability company based in Purcellville, Virginia. It  regularly conducts business in the State of California.

10.     Defendants own and operate the website https://www.proformascreening.com/. In that capacity, Defendants provide employment screening services to employers throughout the United States, whereby employers submit data electronically to Defendants, regarding certain prospective employees. Defendants then utilize data from various sources to generate employment screening reports. Those reports are then transmitted electronically to employers across the United States.

11.     Thus, at all times pertinent hereto, Defendants are and were "persons" and "consumer reporting agencies" ("CRA") within the meanings of 15 U.S.C. §§ 1681a(b) and (f) and the ICRAA, respectively.

## IV.    FACTUAL ALLEGATIONS

12.     In or about August 2022, Plaintiff applied for employment with Roblox Corporation ("Roblox") in San Mateo, California. As part of his application, Plaintiff was required to undergo an employment screening report conducted by the Defendants.

2

13.     On or about August 17, 2022, Defendants submitted their consumer report to Roblox. According to the report itself, the report was generated by Defendants.

14.     The report, issued on August 17, 2022, incorrectly stated that Plaintiff was previously convicted of child endangerment, when in fact he had been previously convicted of a separate and completely unrelated offense that did not involve children.

15.     As a result of the Defendants' erroneous consumer report, Plaintiff suffered embarrassment and loss of reputation. Since Roblox was a children's company, Plaintiff's alleged child endangerment conviction stated in the report caused concern and confusion with Roblox.

16.     Shortly after receiving the information described in the preceding paragraph, Plaintiff exercised his rights under 15 U.S.C. § 1681i(a) and the ICRAA. Specifically, Plaintiff sent an email to Defendants in which he disputed the inaccurate information in the consumer report prepared by Defendants, stating that his conviction was for something completely different, and not child endangerment. Among other things, Plaintiff provided consumer reports prepared by other consumer reporting agencies which supported his claims.

17.     Defendants completed their reinvestigation of Plaintiff's dispute. Despite the evidence provided to Defendants by the Plaintiff, Defendants refused to change or modify anything in their report.

**The FCRA and ICRAA**

18.     The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date. The Fair and Accurate Credit Transactions Act amended the FCRA in December 2003, and the Dodd-Frank Act amended the FCRA in July 2010.

19.     Defendants, through their employment background screening solutions (collectively "screening solutions"), are and have been "consumer reporting agencies," as defined in Section 603(f) of the FCRA, 15 U.S.C. § 1681a(f). That section defines a consumer reporting agency as:

> Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

3

Defendants regularly sell in interstate commerce information on consumers that it assembles for furnishing consumer reports to third parties, as described further below.

20.     The FCRA and ICRAA impose several obligations on consumer reporting agencies, including obligations to take reasonable steps to ensure the maximum possible accuracy of consumer reports. 15 U.S.C. §§ 1681e(b), 1681k(a)(1) and (2); and California Civil Code § 1786.28. This obligation is described in more detail below.

**Defendants' Employment Screening Reports Are Consumers Reports Subject to the Accuracy Requirements of the FCRA and the ICRAA**

21.     Defendants' screening solutions furnish background reports about consumers to thousands of client employers throughout the United States to, among other things, assist the clients in selecting employees ("employment screening reports"). These employment screening reports may include public record information, including criminal histories, of individuals from multiple sources. In addition, the employment screening reports may include credit information from the nationwide consumer reporting agencies (Equifax, Experian, and TransUnion).

22.     The employment screening reports that Defendants furnish through their screening solutions to its clients are "consumer reports" as defined in Section 603(d) of the FCRA, 15 U.S.C. § 1681a(d). That section defines a "consumer report" as:

> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604.

Defendants' employment screening reports are communicated directly to third parties; bear on, among other things, consumers' credit worthiness, general reputation and personal characteristics; and are used as a factor in determining eligibility for employment.

23.     Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to

4

assure maximum possible accuracy of the information concerning the individual about whom the report relates."

24.     FCRA, 15 U.S.C. §§ 1681k(a)(1) and (2) provide:

(a)In general

A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—

(1)at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

(2)maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

25.     On the other hand, California Civil Code § 1786.28 provides as follows:

(a) Each investigative consumer reporting agency that collects, assembles, evaluates, compiles, reports, transmits, transfers, or communicates items of information concerning consumers which are matters of public record shall specify in any report containing public record information the source from which this information was obtained, including the particular court, if applicable, and the date that this information was initially reported or publicized.

(b) A consumer reporting agency which furnishes a consumer report for employment purposes and for that purpose compiles, collects, assembles, evaluates, reports, transmits, transfers, or communicates items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall in addition maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.  For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

26.     Defendants failed to follow reasonable procedures to assure that the consumer report conducted on the Plaintiff contained accurate information, resulting in embarrassment and loss of reputation for Plaintiff. Indeed, had Defendants undertaken reasonable procedures, they would have recognized that Plaintiff's conviction was for harassing phone calls and not child endangerment.

5

**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

27. As a result, Defendants' action can only be described as willful. Defendants have been fully aware that the consumer reports they issue on individuals like Plaintiff and the Class, as defined in below, contain information that is inaccurate. Further, Defendants' conduct is willful in that:

a. The FCRA was enacted in 1970 and the ICRAA in 1975; Defendants have been providing consumer reports for several years now, and have had that time to become compliant;

b. Defendants are large corporations, which specialize in furnishing consumer reports for employment purposes and has access to legal advice through its outside employment counsel. Yet, there is no contemporaneous evidence that Defendants determined that their conduct was lawful;

c. Defendants' conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute; and

d. Defendants' similarly situated competitors have adopted policies of ensuring that their consumer reports are accurate.

**V.     CLASS ALLEGATIONS**

28. Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to Code of Civil Procedure § 382.

29. Plaintiff is a member of and seeks to certify his claims on behalf of a class defined as follows:

All natural persons with an address in the United States and its Territories about whom, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, Defendants prepared a consumer report which included erroneous information regarding one or more criminal case at the time the report was prepared. ("The Class" or the "Class Members").

30. Defendants and their shareholders, officers, directors, and managing agents are excluded from the Class defined above. Plaintiff reserves the right to amend or modify the class definitions with greater particularity or further division into subclasses or limitation to particular issues as warranted as additional facts are discovery by Plaintiff during his future investigations.

31. <u>Numerosity</u>: Although Plaintiff does not, as yet, know the exact size of the class defined above, based upon the nature of the Defendants' business, Plaintiff believes that there are numerous members of the class defined above, and that such members are geographically dispersed

6

throughout the United States of America. Thus, the class defined above is sufficiently numerous to make joinder impracticable. The disposition of the claims of the members of the class defined above through this class action will benefit both the parties and this Court. In addition, the class defined above is readily identifiable from information and records in the possession of Defendants as well as the members of the class.

32.     <u>Commonality</u>: There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to each class and subclass predominate over questions that may affect individual class members, including the following:

    a.  Whether the Defendants' employment screening reports are consumer reports for purposes of the FCRA;

    b.  Whether the Defendants' employment screening reports are consumer reports for purposes of the ICRAA;

    c.  Whether Defendants' provided consumer reports on Plaintiff and the members of the Class to its customers for monetary compensation;

    d.  Whether the Defendants take or took reasonable procedures to insure the accuracy of the consumer reports they issued to their customers for monetary compensation regarding Plaintiff and the Class;

    e.  Whether the consumer reports issued by Defendants regarding Plaintiff and the Class that contained erroneous information;

    f.  Whether the Defendants provided consumers reports to its customers for monetary compensation regarding Plaintiff and the Class which contained erroneous information;

    g.  Whether such conduct violates the Fair Credit Reporting Act;

    h.  Whether such conduct violates the ICRAA;

    i.  Whether Defendants willfully violated the Fair Credit Reporting Act;

    j.  Whether Defendants willfully violated the ICRAA;

    k.  The proper measure of actual, statutory and punitive damages; and

7

l. The proper measure of reasonable attorneys' fees and costs to be awarded to Plaintiff and Class Counsel.

33. <u>Typicality</u>: Plaintiff's and the Class Members' claims arise from and are caused by Defendants' policies, practices, and procedures with regard to the reporting of erroneous information in violation of the FCRA and ICRAA. For these violations, Plaintiff and members of the Class seek actual, statutory or nominal, and punitive damages, injunctive relief, and expenses of litigation including costs and attorneys' fees.

34. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class since he is a member of the class he seeks to represent and Plaintiff has no interest that is contrary to, or in conflict with, those members of the Class he seeks to represent. Furthermore, Plaintiff has retained counsel experienced and competent in the prosecution of complex class action litigation involving the FCRA and ICRAA violations alleged herein to further ensure such protection and he intends to prosecute this action vigorously.

35. <u>Superiority</u>: The prosecution of separate actions by individual members of the Class create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants and could lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is far superior to other available methods for the fair and efficient adjudication of this controversy.

36. Proper and sufficient notice of this action may be provided to each class member through notice by such means as direct mail, electronic mail, publication on the internet, and/or television, radio, and/or print media outlets.

37. Plaintiff and the Class Members have suffered irreparable harm and damages as a result of Defendants' wrongful conduct as alleged herein, which is ongoing. Absent a representative action, Plaintiff and each class and subclass continue to be damaged, thereby allowing these violations of law to proceed without remedy, and allowing Defendants to continue their wrongful conduct.

38.     In addition, Defendants have acted or refused to act on grounds generally applicable to each member of the class, thereby making appropriate final classwide injunctive relief with respect to the class as a whole.

### FIRST CLAIM FOR RELIEF
**For Violation of the Federal Credit Reporting Act**
**(Violation of 15 U.S.C. §§ 1681(b), 1681k(a)(1) and (2))**
**(On Behalf of Plaintiff and the Class against All Defendants)**

39.     Plaintiff alleges and incorporates by this reference the allegations in all preceding paragraphs.

40.     Plaintiff and the Class Members are "consumers," as defined by the FCRA, 15 U.S.C. § 1681a(c).

41.     At all times pertinent hereto, Defendants are and were defined as  a "person" and "consumer reporting agency" (CRA) as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

42.     15 U.S.C. § 1681e(b), requires that a consumer reporting agency, "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

43.     FCRA, 15 U.S.C. §§ 1681k(a)(1) and (2) provide:

(a)In general
A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—
(1)at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
(2)maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

44.     As alleged herein, Defendants violated 1681e(b) and 1681k(a)(1) and (2) in its consumer reports issued to its customers by reporting erroneous convictions.

9

45.     The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Class Members under 15 U.S.C. § 1681e(b) and 1681k(a)(1) and (2).

46.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendants are liable to the Plaintiff and the Class for willfully and/or recklessly failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b) and 1681k(a)(1) and (2).

47.     As a result of such conduct, Plaintiff and the Class Members are entitled to their actual damages, statutory damages of not less than $100 and not more than $1,000 of these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

48.     As a result of such conduct, Plaintiff and the Class Members are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2). Plaintiff and the Class Members are further entitled to reasonable attorneys' fees in connection with this claim. 15 U.S.C. §1681n(a)(3).

**SECOND CLAIM FOR RELIEF**
**For Violation of the Investigative Consumer Reporting Agency Act**
**(Violation of California Civil Code § 1786.28)**
**(On Behalf of the Plaintiff and the Class against all Defendants)**

49.     Plaintiff hereby incorporates by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

50.     At all relevant times, Plaintiff and the Class were consumers as that term is defined in Civil Code § 1786.2(b), and Defendant and Does 1 to 100 are defined as an investigative consumer reporting agency as that term is defined in Civil Code § 1786.2(d) as it is in the business of "collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports" as that term is defined in Civil Code § 1786.2(c) on Plaintiff and the Class for employment purposes under Civil Code § 1786.28 without meeting the following applicable conditions required therein.

**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

51. Specifically, Defendants violated Civil Code § 1786.28 because they prepared an investigative consumer report that contained erroneous information.

52. Defendants were either grossly negligent in violating, or willfully violated, the ICRAA by acting without a good faith, reasonable belief in the legality of their actions, and/or in deliberate or reckless disregard of their legal obligations and the rights of Plaintiff and the Class under the statute.

53. Plaintiff and the Class have been damaged by these violations and seek the following relief pursuant to pursuant to Civil Code § 1786.50:

a. Any actual damages sustained by the consumer as a result of the failure or, ten thousand dollars ($10,000), whichever sum is greater;

b. the costs of the action together with reasonable attorney's fees as determined by the court; and

c. In the case of a violation that was grossly negligent or willful, punitive damages.

## DEMAND FOR JURY TRIAL

57. Plaintiff hereby demands a jury trial on all causes of action and all claims with respect to which they have a right to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and all persons similarly situated, requests of this Court the following relief:

a. certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

b. declaring that Defendants' actions as described above are in violation of the FCRA;

c. awarding actual damages pursuant to 15 U.S.C. § 1681o(a) and Civil Code § 1786.50;

d. awarding statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

11

e.    awarding statutory damages pursuant to Civil Code § 1786.50;

f.    awarding punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and Civil Code § 1786.50;

g.    awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o and Civil Code § 1786.50; and,

h.    granting such other and further relief as may be just and proper.

Dated: December 16, 2022                  POTTER HANDY LLP


                                          By:  /s/ *James M. Treglio*
                                          Mark Potter, Esq.
                                          James M. Treglio, Esq.

                                          Attorneys for Plaintiff, Jarred Davis and the Class

12

**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
James M. Treglio (SBN 228077)
Potter Handy, LLP
100 Pine St., Ste 1250, San Francisco, CA 94111

TELEPHONE NO.: (858) 375-7385    FAX NO. *(Optional):* 888-422-5191
ATTORNEY FOR *(Name):* Plaintiff, Jarred Davis

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME:
Davis v. LFL Enterprises, LLC, et. al.

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/16/2022** at 09:04:59 PM

Clerk of the Superior Court
By Regina Chanez,Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2022-00050357-CU-MC-CTL |
| | | | | JUDGE: Judge Matthew C. Braner DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 2 - Viol. of the FCRA and ICRAA
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 16, 2022

James M. Treglio
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                         CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer
 or wrongful eviction)*
 Contract/Warranty Breach–Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
 Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case
 Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
 Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
 County)
 Confession of Judgment *(non-
 domestic relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment
 Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
 Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
 Claim
 Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br>LFL ENTERPRISES, LLC, a Virginia Limited Liability Company dba ProForma Screening Solutions with its principal place of business in Virginia; and DOES 1-100, inclusive,<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br><br>JARRED DAVIS, an individual, on behalf of himself and all persons similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/16/2022** at 09:04:59 PM<br>Clerk of the Superior Court<br>By Regina Chanez,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court<br>Central Division, 330 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*  37-2022-00050357-CU-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio; Potter Handy, LLP; 100 Pine St., Ste 1250, San Francisco, CA 94111; (858) 375-7385

| DATE:  12/19/2022<br>*(Fecha)* | Clerk, by  *R. Chanez*<br>*(Secretario)*   R. Chanez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* LFL ENTERPRISES, LLC

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☑ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7060 |

| PLAINTIFF(S) / PETITIONER(S): | JARRED DAVIS |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | LFL ENTERPRISES LLC |
|---|---|

DAVIS VS LFL ENTERPRISES LLC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2022-00050357-CU-MC-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Matthew C. Braner                               Department: C-60

## COMPLAINT/PETITION FILED: 12/16/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/19/2023 | 11:30 am | C-60 | Matthew C. Braner |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>TIME FOR SERVICE AND RESPONSE:</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>JURY FEES:</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>COURT REPORTERS:</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for information.

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077),<br>100 Pine St., Ste 1250,<br>San Francisco, CA 94111<br>      TELEPHONE NO: (858) 375-7385; (888) 422-     FAX NO *(Optional)*:<br>      5191 fax<br>E-MAIL ADDRESS *(Optional)*:<br>     ATTORNEY FOR *(Name)*:   DAVIS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**01/17/2023** at 03:04:00 AM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego |
|---|
| STREET ADDRESS:   330 W Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:   San Diego, 92101 |
| BRANCH NAME:   San Diego Superior Court - Central Division |

| PLAINTIFF / PETITIONER:   DAVIS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   LFL ENTERPRISES, LLC, ET AL. | 37-2022-00050357-CU-MC-CTL |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>8159736 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      LFL ENTERPRISES, LLC, a Virginia  Limited Liability Company dba ProForma Screening Solutions with its principal place of business in Virginia
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom
      substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Registered Agent for Service of Process- CORPORATION SERVICE COMPANY;

4. Address where the party was served:
   100 SHOKOE SLIP FL 2, RICHMOND, VA 23219

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date)*:           (2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*:  1/3/2023      at *(time)*:  1:31 PM      I left the documents listed in
      item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Rene Nordquist, Employee Authorized to Accept
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
         served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
         party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person
         to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the
         papers.
      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
         where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:  1/5/2023
         from *(city)*:  San Francisco          or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Davis | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   LFL Enterprises | 37-2022-00050357-CU-MC-CTL |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):*   LFL ENTERPRISES, LLC, a Virginia Limited Liability Company dba ProForma Screening Solutions with its principal place of business in Virginia

    under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☒ 416.10 (corporation) | | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | | ☐ 415.46 (occupant) |
| ☐ other: | | |

7.  **Person who served papers**

  a.  Name:     JAMES ANDERSON

  b.  Address:     s: 9450 Mira Mesa Blvd, C-208 | San Diego, CA | 92126

  c.  Telephone number:    (888) 884-5745

  d.  **The fee** for service was:  $ 125

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☐  a registered California process server:

        (i)  ☐ owner  ☐ employee  ☐ independent contractor

        (ii)  Registration No:

        (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  1/10/2023

JAMES ANDERSON

_____       _____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)       (SIGNATURE)